Glenn I. Chernigoff, DC Bar No. 488500
gchernigoff@cftc.gov
Timothy M. Kirby, Illinois Bar No. 6289944
Luke B. Marsh, DC Bar No. 475635
Gretchen L. Lowe, DC Bar No. 421995
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5523

Kent Kawakami, CA Bar No. 149803
United States Attorney's Office
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Telephone: (213) 894-4858
Facsimile: (213) 894-2380

Attorneys for Plaintiff, U.S.
Commodity Futures Trading Commission

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 10 2008
SDM

# United States District Court
## Central District of California

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | Case No.: SACV08-01352 AG (RNBx) |
| Plaintiff, | **ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF** |
| v. | |
| Paul Abad, Thirteen Thirty-Two, Inc., and Thirteen Thirty-Two, Inc. dba "MRTS Asset Management," | |
| Defendants. | |

Plaintiff, the United States Commodity Futures Trading Commission ("Commission"), has filed a Complaint for Injunctive and other Equitable Relief and for Civil Penalties ("Complaint") against Paul Abad, Thirteen Thirty-Two, Inc., and Thirteen Thirty-Two, Inc. doing business as "MRTS Asset Management" ("Defendants") alleging violations of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* ("Act"), as amended by The Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the "CFTC Reauthorization Act of 2008"), §§ 13101-13204, 122 Stat. 1651, and the Commission's Regulations, 17 C.F.R. §§ 1.1 *et seq.*

Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the Commission applies for an Order of Preliminary Injunction and Other Equitable Relief ("Order").

The Court has considered the pleadings, the application submitted in support of the Commission's request for a Statutory Restraining Order and Preliminary Injunction, the declarations and attached

exhibits, the other documents in the record of this case, and the arguments of the parties. Based upon the foregoing, it appears to the Court that there is good cause to believe that the Defendants have engaged in, are engaging in or are about to engage in violations of the Act and Commission Regulations, as alleged, and that a preliminary injunction is necessary to preserve the status quo.

ACCORDINGLY, THE COURT GRANTS PLAINTIFF'S APPLICATION AND FINDS AND ORDERS AS FOLLOWS:

**I. JURISDICTION AND VENUE**

1. For purposes of this Order, this Court has jurisdiction over Defendants and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a-1(e), in that Defendants are found, inhabit or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring or are about to occur within this district.

## II. PRELIMINARY INJUNTION

3. IT IS HEREBY ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are enjoined and restrained, until further order of this Court, from directly or indirectly:

    a. In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in

interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, (i) cheating or defrauding or attempting to cheat or defraud other persons, (ii) willfully making or causing to be made to other persons any false report or statement thereof, or (iii) willfully deceiving or attempting to deceive other persons, in violation of Sections 4b(a)(1)(A), (B) and (C), 7 U.S.C. §§ 6(b)(a)(1)(A), (B) and (C), for conduct occurring on or after June 18, 2008, and Sections 4b(a)(2)(i), (ii) and (iii), 7 U.S.C. §§ 6(b)(a)(2)(i), (ii) and (iii), for conduct occurring before June 18, 2008;

      b.  Using the mails or instrumentalities of interstate commerce in or in connection with their business as a Commodity Pool Operator ("CPO") and Associated Person ("AP") of a CPO while failing to register with the Commission as a CPO and AP, in violation of Sections 4m(1) and 4k(2) of the Act, 7 U.S.C. §§ 6m(1) and 6k(2);

c. While acting as a CPO and AP of a CPO, and as a Commodity Trading Advisor ("CTA"), employing a device, scheme or artifice to defraud pool participants, clients and prospective pool participants or clients or engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants, clients and prospective pool participants and clients, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o(1);

d. Failing to operate the pool as a legal entity separate from the CPO, in violation of Commission Regulation 4.20(a), 17 C.F.R. § 4.20(a);

e. Accepting pool funds into accounts that were not in the name of the pool, in violation of Commission Regulation 4.20(b), 17 C.F.R. § 4.20(b);

f. Failing to furnish pool participants with a written Disclosure Document that provided the information required by Commission Regulations, and failing to receive signed and dated acknowledgments from pool participants stating that they received and

understood the Disclosure Document, in violation of Commission Regulation 4.21, 17 C.F.R. § 4.21;

  g. Failing to distribute periodically to each pool participant an account statement containing the information required by Commission Regulations, in violation of Commission Regulation 4.22, 17 C.F.R. § 4.22; and

  h. Soliciting, accepting or receiving funds from managed-account clients in the CTA's name, in violation of Commission Regulation 4.30, 17 C.F.R. § 4.30.

  4. The injunctive provisions of this Order shall be binding upon Defendants, upon any person acting in the capacity of agent, servant, employee, or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as that person is acting in active concert or participation with Defendant or any one of them.

**III. Statutory Restraining Remains In Effect**

5. The Court's "*Ex Parte* Statutory Restraining Order to Freeze Assets and Preserve Books and Records, and for an Accounting" (the "SRO"), is incorporated in this Order and, therefore, the SRO shall remain in full force and effect until further order of this Court.

**IV. MISCELLANEOUS**

6. It is further ordered that this Order may be served by facsimile transmission, electronic mail or data transfer, courier service, certified, registered or first class mail, Federal Express or personal service.

7. This Order shall remain in effect until further order of this Court and this Court shall retain jurisdiction over this case to ensure compliance with

this Order and for all other purposes related to this case.

SO ORDERED, at Santa Ana, California on this 10TH day of DECEMBER, 2008.

_____
UNITED STATES DISTRICT JUDGE