Glenn I. Chernigoff, DC Bar No. 488500
gchernigoff@cftc.gov
Timothy M. Kirby, IL Bar No. 6289944
Luke B. Marsh, DC Bar No. 475635
Gretchen L. Lowe, DC Bar No. 421995
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5305 (Chernigoff)
Facsimile: (202) 418-5523

Kent Kawakami, CA Bar No. 149803
United States Attorney's Office
Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Telephone: (213) 894-4858
Facsimile: (213) 894-2380

Attorneys for Plaintiff, U.S.
Commodity Futures Trading Commission

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS6

United States District Court
Central District of California
Southern Division

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | ) Case No. SA CV 08-1352-AG<br>) (RNBx)<br>) |
| Plaintiff, | ) Consent Order Of Permanent<br>) Injunction, For Other<br>) Equitable Relief, And For<br>) Civil Penalties |
| v. | ) |
| Paul Abad, Thirteen Thirty-Two, Inc., and Thirteen Thirty-Two, Inc. dba "MRTS Asset Management," | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

1

On December 1, 2008, Plaintiff Commodity Futures Trading Commission ("Commission") filed this civil enforcement action against Paul Abad, Thirteen Thirty-Two, Inc. and Thirteen Thirty-Two, Inc. doing business as MRTS Asset Management ("Defendants"), seeking injunctive and other equitable relief, as well as restitution and the imposition of civil monetary penalties, for violations of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. §§ 1 *et seq.* (2006), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2008)("Complaint")(doc. no. 1).

On December 1, 2008, pursuant to 7 U.S.C. § 13a-1, this Court issued an *ex parte* statutory restraining order freezing assets under the control of Defendants and, among other things, prohibiting the destruction of documents (doc. no. 3).

On December 10, 2008, this Court issued an Order of Preliminary Injunction and Other Equitable Relief, which, among other things, continued the freeze of

2

assets under the control of Defendants and the prohibition upon the destruction of documents (doc. no. 15).

## I.

## CONSENTS AND AGREEMENTS

1.   To effect settlement of the matters alleged in the Complaint, without a trial on the merits or any further judicial proceedings, Defendants consent to the entry of this "Consent Order Of Permanent Injunction, For Other Equitable Relief, And For Civil Penalties" ("Order").

2.   Defendants agree that they have read this Order and agree to this Order voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3.   Defendants admit that this Court has jurisdiction over them and the subject matter of this Action pursuant to Section 6c of the Act, 7 U.S.C. §

13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any Act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

4.   Defendants admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. §13a-1 (2006), in that certain of the acts and practices alleged in the Complaint occurred in this District.

5.   In addition, Defendants waive: (a) the entry of findings of fact and conclusions of law; (b) any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the Regulations, 17 C.F.R. §§ 148.1 *et seq.* (2009), relating to, or arising from, this Action; (c) any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253,

110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this Action; (d) any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and (e) all rights of appeal in this Action.

6.    By consenting to the entry of this Order, Defendants neither admit nor deny the allegations contained in the Complaint, except as to jurisdiction and venue, which they admit.  However, Defendants agree that the allegations of the Complaint shall be taken as true and correct and be given preclusive effect, without further proof, for the purpose of any bankruptcy proceeding filed by, on behalf of, or against Defendants or to enforce the terms of this Order.  Defendants also shall provide immediate notice of any bankruptcy filed by, on behalf of, or against them in the manner required by Part III of this Order.

7.   Defendants agree that they will not oppose enforcement of the Order on the ground that it fails to comply with Rule 65(d) of the Federal Civil Rules of Civil Procedure and waives any objections based thereon;

8.   Defendants agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating, or tending to create the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Defendants' (a) testimonial obligations; or (b) right to take positions in other proceedings to which the Commission is not a party.  Defendants shall take all steps necessary to ensure that all of their agents and employees under their authority or control understand and comply with this agreement.

9.   Defendants consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to this Action even if they now or in the future reside or operate outside of this jurisdiction.

10.  The Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay.   The Court therefore directs the entry of a permanent injunction and ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), as set forth herein.

## II.

### ORDER OF PERMANENT INJUNCTION

NOW THEREFORE, IT IS ORDERED THAT:

1.   Defendants shall be permanently restrained, enjoined, and prohibited from directly or indirectly engaging in conduct that violates: Sections 4b(a)(1)(A)-(C) of the Act, as amended by the Food,

Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008("CRA")), § 13102, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 6b(a)(1)(A)-(C); Sections 4k(2), 4m(1), and 4o(1) of the Act, 7 U.S.C. § 6k(2), 6m(1), 6o(1) (2006); and/or Regulations 4.20, 4.21, 4.22 and 4.30, 17 C.F.R. §§ 4.20, 4.21, 4.22, 4.30 (2009).

2.   Defendants are permanently restrained, enjoined, and prohibited from engaging, directly or indirectly, in:

    a.   trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

    b.   entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2009)) ("commodity options"), and/or foreign

currency (as described in Sections 2(c)(2)(B) and/or 2(c)(2)(C)(i) of the Act as amended by the by the CRA, to be codified in 7 U.S.C. §§ 2(c)(2)(B) and/or 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

c.   having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

d.   controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

e.   soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

f.   applying for registration or claiming

exemption from registration with the Commission in

any capacity, and engaging in any activity

requiring such registration or exemption from

registration with the Commission except as provided

for in Commission Regulation 4.14(a)(9), 17 C.F.R.

§ 4.14(a)(9) (2009); and

g.   acting as a principal (as that term is

defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)

(2009)), agent or any other officer or employee of

any person registered, exempted from registration

or required to be registered with the Commission

except as provided for in Commission Regulation

4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009).

3.   The injunctive provisions of this Order shall

be binding on Defendants, upon any person *who receives actual notice by personal service or otherwise and* who acts in

the capacity of an officer, agent, servant, employee,

attorney, successor and/or assign of Defendants, and

upon any person who receives actual notice of this

Order by personal service or otherwise insofar as he or

she is acting in active concert or participation with Defendants.

### III.

### ORDER OF RESTITUTION, CIVIL MONETARY PENALTY, AND ANCILLARY RELIEF

IT IS FURTHER ORDERED THAT:

## A.   Restitution

1.   Defendants shall pay, jointly and severally, restitution in the amount of four hundred eighty six thousand eight hundred forty five dollars ($486,845), plus post-judgment interest.

2.   Defendants may petition the Court for a reduction of their restitution obligation imposed in this Order based upon Defendants' satisfaction of any criminal restitution obligation that may be imposed against any of them in the criminal action, *The People of the State of California v. Abad*, Case No. OCSO 08-032842 (C.D. Cal. filed October 22, 2009).

3.   Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing

on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4.   To effect payment by Defendants and the distribution of restitution, the Court appoints the National Futures Association ("NFA") as Monitor.  The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, it shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud.

5.   Defendants shall make his required restitution payments under this Order in the name of "Paul Abad – Restitution Fund" and shall send such restitution payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606,

under a cover letter that identifies the paying
Defendant and the name and docket number of the
proceeding.   The paying Defendant shall simultaneously
transmit copies of the cover letter and the form of
payment to (a) Director, Division of Enforcement,
Commodity Futures Trading Commission, Three Lafayette
Centre, 1155 21st Street, NW, Washington, D.C. 20581,
and (b) Chief, Office of Cooperative Enforcement,
Division of Enforcement at the same address.

6.   The Monitor shall oversee Defendants'
restitution obligation, and shall have the discretion
to determine the manner of distribution of funds in an
equitable fashion to Defendants' participants and
clients or may defer distribution until such time as it
may deem appropriate.   In the event that the amount of
restitution payments to the Monitor are of a de minimis
nature such that the Monitor determines that the
administrative costs of the making a restitution
distribution to Defendants' participants or clients is
impractical, the Monitor may, in its discretion, treat

such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments as set forth in Section III.B, below.

7.    Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution wherever located, in order to make partial or total payment toward the restitution obligation.

8.    Pursuant to Rule 71 of the Federal Rules of Civil Procedure, Defendants' defrauded customers are explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants, to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

9.   Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' participants and clients, whom the Monitor, in his sole discretion, may determine to include in any plan for distribution of any restitution payments.

10.  To the extent that any funds accrue to the U.S. Treasury as a result of Defendants' restitution obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth in paragraph 5 of this Section.

**B.   Civil Monetary Penalty**

11.  Defendants shall pay to the Commission, jointly and severally, a civil monetary penalty in the amount of three hundred seventy-five thousand dollars ($375,000), plus post-judgment interest.

12.  Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing

on the date of entry of this Order, pursuant to 28 U.S.C. § 1961.

13. Defendants shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn:  Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, Oklahoma 73169
> Telephone: 405-954-6569

If payment is to be made by electronic funds transfer, Defendants shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  Defendants shall accompany payment of the penalty with a cover letter that identifies Defendants and the name and docket number of this

proceeding.  Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and to the Chief, Office of Cooperative Enforcement, at the same address.

**C.    Priority Of Monetary Sanctions
       And Partial Payments**

14. All payments by Defendants pursuant to this Order shall first be applied to satisfaction of their restitution obligation.  After satisfaction of their restitution obligation, payments by Defendants pursuant to this Order shall be applied to satisfy their civil monetary penalty obligation.

15. Any acceptance by the Commission and/or Monitor of partial payment of Defendants' restitution obligation and/or civil monetary penalty shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of

the Commission's and/or Monitor's right to seek to compel payment of any remaining balance.

## D.   Equitable Relief Provisions

16.  The equitable relief provisions of this Order shall be binding upon Defendants and any person who is acting in the capacity of an officer, agent, employee, servant or attorney of Defendants, and any person acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

### IV.

### MISCELLANEOUS PROVISIONS

IT IS FURTHER ORDERED THAT:

1.  Entire Agreement and Amendments:  This Order incorporates all of the terms and conditions of the settlement among the parties hereto.  Nothing shall serve to amend or modify this Order in any respect whatsoever, unless:  (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

2.   Invalidation:   If any provision of this Order, or the application of any provisions or circumstances is held invalid, the remainder of the Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

3.   Waiver:   The failure of any party hereto or of any customer at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

4.   Acknowledgements:   Upon being served with copies of this Order after entry by the Court, Defendants shall sign an acknowledgment of such service and serve such acknowledgments on the Court and the Commission within seven (7) calendar days.

5.   Continuing Jurisdiction of this Court:   This Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this Action.

6.   Counterparts and Facsimile Execution:   This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.   Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

7.   Authority: Thirteen Thirty-Two, Inc. and Thirteen Thirty-Two, Inc. doing business as MRTS Asset Management represent that they read this Order and have had the assistance of counsel in reviewing this Order,

and hereby represent and warrant that this Order has been duly authorized and is signed and submitted on their behalf by a duly authorized and empowered officer.

SO ORDERED, this ___14TH___ day of DECEMBER, 2010.

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

21

Consented to and approved for entry by:

PLAINTIFF U.S. COMMODITY FUTURES
TRADING COMMISSION


_____
Timothy M. Kirby
Glenn I. Chernigoff
Gretchen L. Lowe
Division of Enforcement
U.S. Commodity Futures
Trading Commission
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone - (202) 418-5305 (Chernigoff)
Facsimile - (202) 418-5523




_____
PAUL ABAD



THIRTEEN THIRTY-TWO, INC. AND
THIRTEEN THIRTY-TWO, INC.
DBA "MRTS ASSET MANAGEMENT"


_____
By: Paul Abad, President and Sole Owner




_____
Henry P. Friesen
Friesen, Guy & Associates
7545 Irvine Center Drive Suite 200
Irvine, CA  92618
Counsel for Defendants